JOHN WARD, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF WILLIAM WARD, DECEASED, ALFRED WARD, LETTIE WARD, ALSO KNOWN AS LETTY WARD, A WIDOW, WILLIAM WARD, JR., DOROTHY GINOCCHIO AND JOSEPH B. GINOCCHIO, APPELLANTS, v. PEARL M. LEE, RESPONDENT.

No. 3720

April 14, 1953.                          255 P.2d 1046.

*Emerson J. Wilson* and *Frank R. Petersen,* of Reno, for Appellants.

*Howard W. Babcock* and *Kenneth P. Dillon,* of Reno, for Respondent.

## OPINION

By the Court, MERRILL, J.:

This suit was brought by respondent Pearl Lee against appellants to enjoin them from proceeding with

sale under a trust deed against her property and to declare that property free from such encumbrance. Judgment of the trial court acting without jury was in her favor and the defendants have appealed.

In 1945 Edd and Pearl Lee were husband and wife. Edd Lee was engaged in an extensive construction business which was incorporated under the name of Edd Lee, Inc. The Ward Brothers were brick contractors and on many occasions had done business with Lee in that capacity. Lee was about to enter upon construction in connection with certain housing projects and it was necessary for him to post a completion bond. As a condition to execution of such bond the bonding company required the deposit in escrow of the sum of $25,000. Lee approached the Wards for a loan of this amount for this purpose. The Wards agreed, provided security was given in the form of a trust deed to apartment property in Reno owned by the Lees.

In July, 1945, Lee and the Wards called on Pearl Lee to secure her consent to such trust deed and her signature on the necessary documents. Lee and the Wards represented to her that the money so borrowed would be deposited in escrow to comply with the requirements of the bonding company; that upon completion of the housing projects and exoneration of the bond the $25,000 would be repaid to the Wards and the apartment property thus cleared of their trust deed. Upon this assurance Pearl Lee consented to and joined in the transaction with the Wards.

During 1946 and 1947 the housing projects were completed and the escrow ultimately closed. The $25,000 involved, however, was not repaid to the Wards. With their consent it was used to discharge a bank obligation owed by Edd Lee, Inc. During 1947 and 1948, $40,500 was paid by Lee to the Wards upon other obligations, none of which was applied upon the trust deed in question. The Lees are now divorced and the apartment property has become Pearl's; hence her interest and concern.

In brief these are the facts which Pearl Lee contends establish that the representations of the Wards in July, 1945, in reliance upon which she consented to and joined in the trust deed, were fraudulent; that accordingly their security rights under the trust deed are forfeit; that the application of the $25,000 to other obligations, in which application the Wards joined, was knowingly in violation of contract; that her consent to the transaction was conditionally given and the condition not having been met her consent must be regarded as withdrawn.

The Wards vigorously deny that fraudulent misrepresentations of fact were made. In our view, however, even assuming that the closing of the escrow was in violation of agreement and that the representations of the Wards to Pearl with respect to the $25,000 were fraudulent, no injury was suffered thereby.

During the period within which all of the recited events with respect to the property occurred, the Lees were husband and wife and all property concerned was community property. While the "misapplication" of the escrowed $25,000 may have enriched one portion of the community to the detriment of another portion, the community as a whole was not depleted. Pearl Lee suffered no property loss by such misapplication. The value of her interest in the community as a whole remained precisely the same. The same would be true of the $40,500 subsequently applied by the Wards to community indebtedness other than that covered by the trust deed.

Nor do subsequent developments render the conduct of the Wards injurious to Pearl. On the contrary they conclusively demonstrate that any fraud which might have been committed was compensated in full; that any injury which might have existed or threatened was eliminated. In 1946 Edd Lee commenced suit for divorce

against Pearl Lee which suit was not brought on for trial until 1948. A decree of divorce was entered in February, 1949, which decree divided the community estate between the parties. Pearl was given the apartment property. Edd was given the balance of the estate. A full disclosure of the state of the community was made to the court, including the fact that the apartment property was encumbered. Such disclosure was made in the greatest detail, accompanied by an audit and report of a firm of certified public accountants. It was expressly recognized by the trial court below that the divorce court had knowledge of the Ward encumbrance and had awarded the apartment property to Pearl with that encumbrance in mind. No appeal was taken from the divorce decree. No assertion is here made by Pearl that fraud was committed upon the divorce court or that the decree is subject to collateral attack. It must be regarded as a final and informed disposition of the community estate. All that Pearl is then entitled to regard as her share of the community is the equity in the apartment property awarded to her by decree.

Pearl contends that the elements of breach of contract and fraud redound to the benefit of this particular piece of property and, in effect, run with it as a connected chose in action. If this be so it is at the expense of the remainder of the estate and clearly constitutes a readjustment of the property division contemplated by the divorce court. If such chose in action in fact and in law could be said to exist, Pearl did not so contend before the divorce court. No disclosure thereof was made by her to that court and it can hardly be said that the court's action constituted a tacit award of such right to her. In this light her contention can hardly be said to provide a basis for the intervention of equity in her behalf in the present proceeding.

It is argued that the Wards have no right to claim

protection from the divorce decree or an estoppel in their favor thereby; that while Edd Lee was a defendant in the court below, he has not seen fit to appeal from the judgment and is not a party to this appeal; that in a controversy confined to a determination of the respective rights and obligations of Pearl and the Wards, the decree should not be given consideration. We cannot avoid such consideration. It is the decree itself upon which Pearl relies to establish her right to bring this suit as owner of the property in question. It is the decree which defines and delineates the extent of her interest and right. It is, moreover, the action taken by the divorce court which has rendered harmless any improper conduct of the Wards. What fraud and injury there might conceivably have been were compensated and eliminated by the informed action taken by the divorce court in the exercise of its discretion in accomplishing the property division.

The judgment of the trial court is reversed with costs and the case remanded with instructions that judgment be entered for the defendants.

EATHER, C.J., and BADT, J., concur.